**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JOHN JARVIS,

                              Plaintiff,

                                                                                   Civ. No. 9:09-CV-446

                v.                                                                         (LEK/RFT)

DOCTOR M. CROOK, *et al.*,

                              Defendants.

**APPEARANCES:**                                       **OF COUNSEL:**

JOHN JARVIS
Plaintiff, *Pro Se*
06-A-4170
*Last Known Address on File for this action*:
Mt. McGregor Correctional Facility
1000 Mt. McGregor Road
Wilton, New York 12831

HON. ANDREW M. CUOMO                        JAMES SEAMAN, ESQ.
Attorney General of the State of New York       Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT RECOMMENDATION and ORDER**

       On April 15, 2009, John Jarvis filed a *pro se* Complaint against the Defendants claiming his constitutional rights were violated. Dkt. No. 1, Compl. On April 27, 2009, this Court issued an Order granting Plaintiff's Application to Proceed *In Forma Pauperis* and directing service of the Complaint. Dkt. No. 4. Within that Order, we specifically warned Plaintiff of his obligation to keep the Court and his adversaries apprised of any change in his address and that his failure to comply with this obligation could result in the dismissal of his action. *Id*. at p. 3; *see also*

N.D.N.Y.L.R. 10.1(b)(2) & 41.2(b).  More specifically, the Court mailed him an Order which provided, *inter alia*:

> **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in Plaintiff's address; his failure to do so may result in the dismissal of this action.**

*See* Dkt. No. 4 at p. 3 (emphasis in original).

On June 24, 2009, a mailing from this Court, which was sent to Jarvis at his last known address at Mt. McGregor Correctional Facility, was returned "undeliverable;" the reason for the return, stamped on the letter, is indecipherable.  Dkt. No. 12.  On July 23, 2009, Defendants filed a Motion to Dismiss the Complaint, pursuant to Federal Rules of Civil Procedure 12(b), for failure to state a claim, and 41(b), for failure to prosecute.  Dkt. No. 13.  Assistant Attorney General (AAG) James Seaman submits an Affirmation in Support of Defendants' Motion to Dismiss wherein he avows that mailings sent on behalf of Defendants to Plaintiff's last known address have also been returned as "undeliverable."  Dkt. No. 13-3, James J. Seaman, Esq., Affirm., dated July 23, 2009, at ¶ 7.

Furthermore, according to the New York State Department of Correctional Services Inmate Locator Website,[1] Plaintiff was released on parole on June 9, 2009, and yet, this Court has never been provided with an updated address.  On August 25, 2009, the undersigned took notice of the returned mail and issued an Order providing Plaintiff one final opportunity to provide a corrected address.  Dkt. No. 16.  Not surprisingly, that Order was returned to the Court as "undeliverable." Dkt. No. 17.  The last communication received from Plaintiff is his Compalint and accompanying Motion for Leave to Proceed *In Forma Pauperis* and Inmate Authorization Form, filed roughly six

---

[1] *See* http://nysdocslookup.docs.state.ny.us (last visited October 29, 2009).

months ago. Dkt. Nos. 1-3.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). "This power to dismiss an action may be exercised when necessary to achieve orderly and expeditious disposition of cases." *Freeman v. Lundrigan*, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996) (citing *Rodriguez v. Walsh*, 1194 WL 9688, at *1 (S.D.N.Y. Jan. 14, 1994)).

Moreover, a litigant has the duty to inform the court of any address changes. As then District Judge Pooler stated:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany County Corr. Facility Staff*, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (quoting *Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (other citations omitted)); *see generally* N.D.N.Y.L.R. 41.2(b).

This matter cannot proceed without notification to the Court by Plaintiff of his current address. In light of the now six-month span of time with no word from Plaintiff, the Court finds that Jarvis has failed to prosecute this matter and possibly has abandoned all causes of action. Jarvis' failure to prosecute this matter and provide a change of address warrants a recommendation of dismissal. *See* FED. R. CIV. P. 41(b) (allowing for dismissal of an action for failure to prosecute); *see also* N.D.N.Y.L.R. 41.2(a) (noting that a plaintiff's failure to take action for four months is "presumptive evidence of lack of prosecution); N.D.N.Y.L.R. 41.2(b) (authorizing dismissal for failure to provide a change of address). Indeed, courts in the Northern District of New York have

dismissed lawsuits brought by *pro se* plaintiffs for failure to provide a current address. *See Rivera v. Goord*, 1999 WL 33117155 (N.D.N.Y. Sept. 14, 1999); *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1998); *Morgan v. Dardiz*, 177 F.R.D. 125 (N.D.N.Y. 1998); *Williams v. Faulkner*, 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby v. Albany County Corr. Facility Staff*, 1996 WL 172699 (N.D.N.Y. Apr. 10, 1996). Since Jarvis has failed to inform the Court of same, it is hereby

**RECOMMENDED**, that Defendants' Motion to Dismiss (Dkt. No. 13) be **granted** and this action be dismissed due to Plaintiff's failure to prosecute and provide an updated address. *See* N.D.N.Y.L.R. 41.2(b) (dismissal of action appropriate where petitioner fails to notify Court of change of address); and it is further

**ORDERED**, that the Clerk shall serve a copy of this Report-Recommendation and Order on parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

IT IS SO ORDERED.

Date:  November 4, 2009
       Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge